

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2008

# USA v. Islas

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3214

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Islas" (2008). *2008 Decisions*. Paper 1105.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1105

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3214

UNITED STATES OF AMERICA

v.

ERIK ISLAS,
                          Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 01-cr-0217-2
(Honorable Clarence C. Newcomer)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2008

Before: SCIRICA, *Chief Judge*, AMBRO and FISHER, *Circuit Judges*.

(Filed: May 30, 2008 )

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Erik Islas appeals his criminal sentence. We will affirm.

On February 13, 2001, Islas was arrested while transporting approximately 370

pounds of marijuana, one of several deliveries in a conspiracy to transport marijuana from

Arizona to Philadelphia. A uniformed police officer in a marked car drove in front of Islas and signaled him to pull over. Instead, Islas drove his vehicle into the police car several times, and then struck a police car that had pulled in behind him. Islas then drove into a business park, ran through a fence, and mired the vehicle in an embankment trying to reach a major highway. Islas fled on foot, running across the highway in rush hour traffic. After a struggle, Islas was placed under arrest.

Islas waived his *Miranda* rights and gave a written statement in which he admitted to delivering the marijuana found in his vehicle as well as overseeing and making other deliveries. Islas made multiple drug deliveries, recruited others to join the conspiracy, and directed the repackaging and weighing of the drugs. At his suppression hearing Islas entered into a plea agreement with the Government, pleading guilty to conspiracy to distribute marijuana (21 U.S.C. § 846) and possession with intent to distribute more than 100 kilograms of marijuana (21 U.S.C. § 841(a)(1)). The Presentence Report calculated a base offense level of 28 with a three-level enhancement under U.S.S.G. § 3B1.1(b) for supervising criminal activity involving at least five participants, a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight, and a two-level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. The total offense level was 31. With an offense level of 31 and a criminal history category of VI, the recommended guideline range was 188 to 235 months. The District Court imposed a sentence of 225 months' incarceration.

On appeal, Islas contends the District Court erroneously (1) refused his request to present evidence at the sentencing hearing, (2) applied the wrong burden of proof for the sentencing enhancements, (3) violated his right to have non-disparate sentencing treatment in relation to his co-defendants, and (4) wrongly calculated his criminal history.

Turning to the first issue, we review for abuse of discretion. At the suppression hearing, the Government's witnesses included Islas's co-conspirators. Defense counsel cross-examined these witnesses and presented rebuttal witnesses. At sentencing, Islas sought to re-cross his co-conspirators in order to prove the Government suborned perjury. But the District Court ruled this evidence irrelevant to sentencing because guilt had already been admitted. The District Court did not abuse its discretion and relied on a sufficient factual basis to impose sentence.

Second, Islas contends the sentencing guideline enhancements must be proved beyond a reasonable doubt. This is incorrect. We exercise plenary review. A preponderance standard applies to all factual findings relevant to sentencing, including those supporting the underlying enhancements. United States v. Grier, 475 F.3d 556, 568 (3d Cir. 2007) (en banc).

Third, Islas contends his sentence was grossly disparate from that of his co-conspirators. 18 U.S.C. § 3553(a)(6) instructs a district court "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Islas received a greater sentence than his co-conspirators, but for valid

3

reasons. Islas performed a supervisory role in the conspiracy, fled from apprehension, and recklessly endangered others during his flight. Additionally, 18 U.S.C. § 3553(a) does not bar sentence disparity among co-defendants as long as the factors considered are consistent with the subsection. United States v. Parker, 462 F.3d 273, 277 (3d Cir. 2006). The sentence imposed was reasonable.

Finally, Islas contends the District Court wrongly calculated his criminal history, failing to consider information provided in a pro-se response to the Presentence Report. In his pro-se response, Islas offered additional information surrounding his convictions and prior plea agreements. But this information was not relevant to the criminal history calculation. Two additional points were added to his criminal history because Islas had been on parole when arrested. Records from the Arizona Department of Corrections establish his parole terminated on January 17, 2001; Islas admitted to engaging in the criminal activity prior to that termination. Islas also pointed to notations in the Presentence Report of arrests that did not result in conviction. But these were not used in calculating his criminal history. The District Court correctly calculated his criminal history.

For the foregoing reasons, we will affirm the judgment of the District Court.